## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | Case No. |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | |
| **Polar Pad LLC, d/b/a Polar Drifter, d/b/a Polar Pad, and Veterinary Internet Company, LLC, d/b/a VetInternetCo,** | (1) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | (2) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| **Defendants.** | (3) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| | (4) **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| | (5) **COMMON LAW TRADE DRESS INFRINGEMENT;** |
| | (6) **COMMON LAW UNFAIR COMPETITION;** |
| | (7) **COMMON LAW MISAPPROPRIATION; AND** |
| | (8) **UNJUST ENRICHMENT.** |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Polar Pad LLC, d/b/a Polar Drifter, d/b/a Polar Pad ("Polar Drifter") and Veterinary Internet Company, LLC, d/b/a VetInternetCo ("VetInternetCo") (collectively, "Defendants") alleges as follows:

**The Parties**

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      Upon information and belief, Polar Pad LLC is a corporation organized under the laws of the State of Alabama with a principal place of business at 9542 Union Grove Road, Union Grove, AL 35175, that does business under the names Polar Drifter and Polar Pad, including through the web sites www.polardrifter.com, https://www.facebook.com/PolarDrifter/timeline?ref=page_internal, and https://www.facebook.com/Polar-Pad-597141903728489/timeline?ref=page_internal.

3.      Upon information and belief, Veterinary Internet Company, LLC is a corporation organized under the laws of the State of Alabama with a principal place of business at 11351 Memorial Parkway SW, Huntsville, AL 35803, that does business under the name VetInternetCo, including through the web site, https://www.vetinternetco.com/.

**Jurisdiction and Venue**

4.      This is an action for trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment.  This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), Texas Business & Commerce Code, federal common law, and state common law, including the law of Texas.

5.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6.      This Court has personal jurisdiction over Polar Drifter and VetInternetCo because, *inter alia*, Polar Drifter and VetInternetCo are doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Polar Drifter's and VetInternetCo's principal web sites (www.polardrifter.com, https://www.facebook.com/PolarDrifter/timeline?ref=page_internal,

https://www.facebook.com/Polar-Pad-597141903728489/timeline?ref=page_internal,   and/or

https://www.vetinternetco.com/) reach into Texas, including this District, on which Polar Drifter

and VetInternetCo have advertised, promoted, offered for sale, sold, and distributed, and

continue to advertise, promote, offer for sale, sell, and distribute infringing products to customers

and potential customers, (ii) Polar Drifter's and VetInternetCo's tortious acts giving rise to this

lawsuit and harm to YETI are occurring or have occurred in the State of Texas, including in this

District, and (iii) Polar Drifter's and VetInternetCo's customers and/or potential customers reside

in the State of Texas, including in this District.

      7.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## General Allegations – YETI's Trade Dress

      8.      For many years, YETI has continuously engaged in the development,

manufacture, and sale of premium, heavy-duty insulated drinkware.  YETI created unique,

distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has

extensively and continuously promoted and used these designs for years in the United States and

in Texas.  Through that extensive and continuous use, YETI's designs have become well-known

indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also

have acquired substantial secondary meaning in the marketplace and have become famous.  As

discussed in more detail below, YETI owns trade dress rights relating to the source identifying

features of its insulated drinkware designs.

      9.      Specifically, YETI sells insulated drinkware products, the "YETI 30 oz.

Rambler™ Tumbler" and the "YETI 20 oz. Rambler™ Tumbler," hereinafter referred to as "the

Rambler™ Tumblers."  YETI has invested substantially in the design, development, manufacture,

and marketing of the Rambler™ Tumblers.

      10.      YETI has enjoyed significant sales of the Rambler™ Tumblers throughout the

United States, including sales to customers in the state of Texas.  YETI has expended significant

resources advertising and marketing the Rambler™ Tumblers.

      11.      The Rambler™ Tumblers designs also have distinctive and non-functional features

that identify to consumers that the origin of the Rambler™ Tumblers is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Tumblers designs, YETI's marketing, advertising and sales of the Rambler™ Tumblers, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Tumblers, which consumers have come to uniquely associate with YETI.

12.   Illustration 1 below shows an exemplary image of a YETI 30 oz. Rambler™ Tumbler sold by YETI.

| Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
| --- |
|  |

13.   YETI has trade dress rights in the overall look and appearance of the YETI 30 oz. Rambler™ Tumbler, including, but not limited to, the visual flow of the YETI 30 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design, style, and appearance of these curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the style, design, and appearance of design aspects of the YETI 30 oz.

Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid on the YETI 30 oz. Rambler™ Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 30 oz. Rambler™ Tumbler.

14.     Illustration 2 below shows an exemplary image of a YETI 20 oz. Rambler™ Tumbler sold by YETI.

| Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler™ Tumbler. |
| --- |
|  |

15.     YETI has trade dress rights in the overall look and appearance of the YETI 20 oz.

Rambler™ Tumbler, including, but not limited to, the visual flow of the YETI 20 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design, style and appearance of these curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the style, design and appearance of design aspects of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid on the YETI 20 oz. Rambler™ Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 20 oz. Rambler™ Tumbler.

16.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

**General Allegations – Polar Drifter's and VetInternetCo's Unlawful Activities**

17.     Polar Drifter and VetInternetCo have purposefully advertised, promoted, offered for sale, sold, and distributed, and continue to advertise, promote, offer for sale, sell, and distribute tumblers that violate YETI's rights, including the rights protected by YETI's trade dress.  Upon information and belief, Polar Drifter and VetInternetCo are also making such

6

infringing products and/or importing such infringing products into the United States.   Polar Drifter's and VetInternetCo's infringing products are confusingly similar imitations of YETI's products and are in the same sizes as YETI's products.   Polar Drifter's and VetInternetCo's actions have all been without the authorization of YETI.

18.   Illustrations 3 and 4 below show examples of Polar Drifter's and VetInternetCo's infringing products.

| **Illustration 3:  Exemplary Image of Polar Drifter's and VetInternetCo's 30 oz. Infringing Product.** |
|---|
|  |

| Illustration 4:  Exemplary Image of Polar Drifter's and VetInternetCo's 20 oz. Infringing Product. |
|---|
|  |

19.     Prior to April 1, 2016, customers could order the 30 oz. and 20 oz. infringing products from Polar Drifter at least through its web site (www.polardrifter.com), its Facebook page (https://www.facebook.com/PolarDrifter/timeline?ref=page_internal), and Amazon.com. Polar Drifter's web site and Facebook page provided links to the Amazon.com listing of its 30 oz. infringing product (https://www.amazon.com/Polar-Drifter-Insulated-Stainless-Pad/dp/B0195UT3UI/ref=sr_1_4?ie=UTF8&qid=1465524090&sr=8-4&keywords=Polar+Pad+Drifter+Vacuum+Insulated+Stainless+Steel+Tumbler%2C+30+oz) and the Amazon.com listing of its 20 oz. infringing product (https://www.amazon.com/Polar-Pad-Drifter-Insulated-Stainless/dp/B017WVAZHM/ref=sr_1_3?ie=UTF8&qid=1465524090&sr=8-3&keywords=Polar+Pad+Drifter+Vacuum+Insulated+Stainless+Steel+Tumbler%2C+30+oz). Customers can currently order the 20 oz. infringing product from Polar Drifter, at least through its Facebook page (https://www.facebook.com/PolarDrifter/timeline?ref=page_internal) that includes a link to an Amazon.com listing.    A screen shot from the Amazon.com listing that shows how a customer can order a Polar Drifter tumbler is set forth below in Illustration 5.  In

this particular example, the customer would be ordering one 20 oz. infringing product.

**Illustration 5:  Screen Shot from Amazon Listing Selling Polar Drifter Products.**



20.     At least as of February 12, 2016, customers could order the infringing products from VetInternetCo, at least through its web site (https://www.vetinternetco.com/).  A screen shot from VetInternetCo's web site that shows how a customer could order a tumbler is set forth below in Illustration 6.  In this particular example, the customer would be ordering one 30 oz. infringing product.



21.    As a result of Polar Drifter's and VetInternetCo's activities related to the infringing products, there is a strong likelihood of confusion between Polar Drifter and VetInternetCo and their products on the one hand, and YETI and its products on the other hand.

22.    YETI used YETI's trade dress extensively and continuously before Polar Drifter and VetInternetCo began advertising, promoting, selling, offering to sell, or distributing their infringing products.   Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Polar Drifter and VetInternetCo commenced unlawful use of YETI's Trade Dress.

23.     As discussed above and as set forth in the counts below, Polar Drifter's and VetInternetCo's actions are unfair and unlawful.

**Count I:**
**Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

24.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 23 as though fully set forth herein.

25.     Polar Drifter's and VetInternetCo's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Polar Drifter's and VetInternetCo's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake or deception as to the affiliation, connection, and/or association of Polar Drifter and VetInternetCo with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

26.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.   YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Polar Drifter and VetInternetCo commenced their unlawful use of YETI's trade dress in connection with the infringing products.

27.     Polar Drifter's and VetInternetCo's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI and YETI's tumbler products.

28.     On information and belief, Polar Drifter's and VetInternetCo's use of YETI's trade dress has been intentional, willful, and malicious.  Polar Drifter's and VetInternetCo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Polar Drifter's and VetInternetCo's continuing disregard for YETI's rights.

29.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Polar Drifter's and VetInternetCo's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count II:**
**Unfair Competition and False Designation of Origin Under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

30.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

31.     Polar Drifter's and VetInternetCo's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes unfair competition and false designation of origin, at least because Polar Drifter and VetInternetCo have obtained an unfair advantage as compared to YETI through its use of YETI's trade dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

32.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary

meaning before Polar Drifter and VetInternetCo commenced their unlawful use of YETI's trade dress in connection with the infringing products.

33.    Polar Drifter's and VetInternetCo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI and YETI's tumbler products.

34.    On information and belief, Polar Drifter's and VetInternetCo's use of YETI's trade dress has been intentional, willful, and malicious.  Polar Drifter's and VetInternetCo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Polar Drifter's and VetInternetCo's continuing disregard for YETI's rights.

35.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Polar Drifter's and VetInternetCo's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count III:
### Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

36.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37.    Polar Drifter's and VetInternetCo's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

38.    YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's insulated drinkware

products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's insulated drinkware products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Polar Drifter and VetInternetCo commenced their unlawful use of YETI's trade dress in connection with the infringing products.

39.     Polar Drifter's and VetInternetCo's use of YETI's trade dress is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's insulated drinkware products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

40.     Polar Drifter's and VetInternetCo's use of YETI's trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI and YETI's tumbler products.

41.     On information and belief, Polar Drifter's and VetInternetCo's use of YETI's trade dress has been intentional, willful, and malicious. Polar Drifter's and VetInternetCo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Polar Drifter's and VetInternetCo's continuing disregard for YETI's rights.

42.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Polar Drifter's and VetInternetCo's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

43.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 42 as though fully set forth herein.

44.     Polar Drifter's and VetInternetCo's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 16.103 of the Texas Business & Commerce Code.

45.     YETI's trade dress is entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous and well-known indicator of the origin and quality of YETI's insulated drinkware products in the United States and in the State of Texas and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's insulated drinkware products.  YETI's trade dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas inTexas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Polar Drifter and VetInternetCo commenced their unlawful use of YETI's trade dress in connection with the infringing products.

46.     Polar Drifter's and VetInternetCo's use of YETI's trade dress and colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

47.     Polar Drifter's and VetInternetCo's use of YETI's trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which

YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI and YETI's tumbler products.

48.     On information and belief, Polar Drifter's and VetInternetCo's use of YETI's trade dress has been intentional, willful, and malicious.  Polar Drifter's and VetInternetCo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Polar Drifter's and VetInternetCo's continuing disregard for YETI's rights.

49.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Polar Drifter's and VetInternetCo's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trade Dress Infringement**

50.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 49 as though fully set forth herein.

51.     Polar Drifter's and VetInternetCo's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Polar Drifter's and VetInternetCo's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

52.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress

has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Polar Drifter and VetInternetCo commenced their unlawful use of YETI's trade dress in connection with the infringing products.

53.     Polar Drifter's and VetInternetCo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI and YETI's tumbler products.

54.     On information and belief, Polar Drifter's and VetInternetCo's use of YETI's trade dress has been intentional, willful, and malicious.  Polar Drifter's and VetInternetCo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Polar Drifter's and VetInternetCo's continuing disregard for YETI's rights.

55.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Polar Drifter's and VetInternetCo's profits, punitive damages, costs, and reasonable attorney fees.

## Count VI:
## Common Law Unfair Competition

56.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 55 as though fully set forth herein.

57.     Polar Drifter's and VetInternetCo's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Polar Drifter's and VetInternetCo's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing

products are manufactured by, authorized by, or otherwise associated with YETI.  Polar Drifter and VetInternetCo have also interfered with YETI's business.

58.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Polar Drifter and VetInternetCo commenced their unlawful use of YETI's trade dress in connection with the infringing products.

59.     Polar Drifter's and VetInternetCo's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI and YETI's tumbler products.

60.     On information and belief, Polar Drifter's and VetInternetCo's use of YETI's trade dress has been intentional, willful, and malicious.  Polar Drifter's and VetInternetCo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Polar Drifter's and VetInternetCo's continuing disregard for YETI's rights.

61.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Polar Drifter's and VetInternetCo's profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Misappropriation**

62.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

63.     Polar Drifter's and VetInternetCo's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

64.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Polar Drifter and VetInternetCo have wrongfully used YETI's trade dress and/or colorable imitations thereof in competition with YETI and gained a special advantage because Polar Drifter and VetInternetCo were not burdened with the expenses incurred by YETI.  Polar Drifter and VetInternetCo have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

65.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Polar Drifter and VetInternetCo commenced their unlawful use of YETI's trade dress in connection with the infringing products.

66.     Polar Drifter's and VetInternetCo's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI and YETI's tumbler products.  Moreover, as a result of its misappropriation, Polar Drifter and VetInternetCo have profited and, unless such conduct is enjoined by this Court, will continue to profit by

misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI and YETI's tumbler products.

67.     Polar Drifter's and VetInternetCo's misappropriation of YETI's trade dress has been intentional, willful, and malicious.   Polar Drifter's and VetInternetCo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Polar Drifter's and VetInternetCo's continuing disregard for YETI's rights.

68.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Polar Drifter's and VetInternetCo's profits, punitive damages, costs, and reasonable attorney fees.

### Count VIII:
### Unjust Enrichment

69.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 68 as though fully set forth herein.

70.     Polar Drifter's and VetInternetCo's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Polar Drifter and VetInternetCo have wrongfully obtained benefits at YETI's expense.  Polar Drifter and VetInternetCo have also, *inter alia*, operated with an undue advantage.

71.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.   Polar Drifter and VetInternetCo have wrongfully used and is wrongfully using YETI's trade dress and/or colorable imitations thereof in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage though such use. Polar Drifter and VetInternetCo have not been burdened with the expenses incurred by YETI, yet Polar Drifter and VetInternetCo are obtaining the resulting benefits for its own business and products.

72.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Polar Drifter and VetInternetCo commenced their unlawful use of YETI's trade dress in connection with the infringing products.

73.     Polar Drifter's and VetInternetCo's use of YETI's trade dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI and YETI's tumbler products.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Polar Drifter and VetInternetCo have wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

74.     Polar Drifter's and VetInternetCo's unjust enrichment at YETI's expense has been intentional, willful, and malicious.   Polar Drifter's and VetInternetCo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Polar Drifter's and VetInternetCo's continuing disregard for YETI's rights.

75.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Polar Drifter's and VetInternetCo's profits.

## Demand for Jury Trial

76.     YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Polar Drifter and VetInternetCo have (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that these wrongful activities by Polar Drifter and VetInternetCo were willful;

2.      An injunction against further infringement and dilution of YETI's trade dress, further acts of unfair competition, misappropriation, and unjust enrichment by Polar Drifter and VetInternetCo, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Polar Drifter and VetInternetCo to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Polar Drifter's and VetInternetCo's possession or control, (iii) all plates, molds, and other means of making the infringing products in Polar Drifter's and VetInternetCo's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Polar Drifter's and VetInternetCo's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Polar Drifter and VetInternetCo to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Polar Drifter's and VetInternetCo's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 11125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8.      Such other and further relief as this Court deems just and proper.


Dated:  June 10, 2016                         Respectfully submitted,


                                              By: */s/ Kevin J. Meek*
                                              Kevin J. Meek
                                              Texas Bar No. 13899600
                                              kevin.meek@bakerbotts.com
                                              Baker Botts L.L.P.
                                              98 San Jacinto Blvd., Suite 1500
                                              Austin, Texas 78701
                                              Telephone: (512) 322-5471
                                              Facsimile: (512) 322-8385

                                              Joseph J. Berghammer *(admitted in the*
                                              *Western District of Texas)*
                                              Illinois Bar No. 6273690
                                              jberghammer@bannerwitcoff.com
                                              Sean J. Jungels (*application for admission to*
                                              *the Western District of Texas approved, final*
                                              *admission pending*)
                                              Illinois Bar No. 6303636
                                              sjungels@bannerwitcoff.com
                                              Banner & Witcoff, Ltd.
                                              Ten South Wacker Drive

Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**