UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Veterinary Internet Company, LLC, d/b/a VetInternetCo,<br><br>    Defendant. | Civil Action No. 1:16-cv-00677-RP<br><br>Judge Robert L. Pitman |

## CONSENT JUDGMENT

Plaintiff, YETI Coolers, LLC ("YETI"), filed civil action number 1:16-cv-00677-RP in the Western District of Texas on June 10, 2016, against defendants Polar Pad LLC, d/b/a Polar Drifter, d/b/a Polar Pad ("Polar Pad") and Veterinary Internet Company, LLC, d/b/a VetInternetCo ("VetInternetCo"), asserting claims for (1) trade dress infringement in violation of 15 U.S.C. § 1125(a); (2) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (3) trade dress dilution in violation of 15 U.S.C. § 1125(c); (4) trade dress dilution in violation of the Texas Business & Commerce Code § 16.103; (5) common law trade dress infringement; (6) common law unfair competition; (7) common law misappropriation; and (8) unjust enrichment. On September 15, 2016, the court granted the Parties' stipulated motion to dismiss Polar Pad from the Lawsuit without prejudice. VetInternetCo denies the allegations in the civil action YETI filed and does not admit that the Accused Tumblers (as defined herein) infringe YETI's rights. VetInternetCo now stipulates and consents to the Court's entry of this Consent Judgment.

NOW THEREFORE, upon consent of the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

2. This Court has personal jurisdiction over VetInternetCo and venue is proper in this judicial district at least because, inter alia, VetInternetCo is doing business in the State of Texas, including in this District.

3. VetInternetCo sold 20 oz. and 30 oz. tumblers that YETI accused of violating YETI's intellectual property rights (collectively the "Accused Tumblers").

4. For purposes of this Consent Judgment, VetInternetCo stipulates that YETI owns all right, title, and interest in and to the trade dress of the YETI 20 oz. and 30 oz. Rambler® tumblers, including the overall look and appearance of the YETI 20 oz. and 30 oz. Rambler® tumblers and all common law trademark and trade dress rights in the YETI 20 oz. and 30 oz. Rambler® tumblers. The YETI 20 oz. and 30 oz. Rambler® tumblers trade dress are hereafter referred to as the "YETI Tumbler Trade Dress."

5. For purposes of this Consent Judgment, VetInternetCo stipulates that the YETI Tumbler Trade Dress is unique, distinctive, non-functional, well known, famous, and has acquired distinctiveness and is associated by consumers with YETI, and that the goodwill associated with the YETI Tumbler Trade Dress belongs exclusively to YETI.

6. For purposes of this Consent Judgment, VetInternetCo stipulates that the YETI Tumbler Trade Dress is valid and enforceable.

7. For purposes of this Consent Judgment, VetInternetCo stipulates that the YETI Tumbler Trade Dress is not essential to the use or purpose of a tumbler, does not affect the cost

or quality of a tumbler, is not functional, is not the reason the YETI tumblers work, and, outside of the association with YETI's reputation and goodwill, are not important to the commercial success of tumblers, generally.

8. For purposes of this Consent Judgment, VetInternetCo stipulates that many competitors compete with YETI and VetInternetCo and that these competitors sell tumblers having alternative designs that do not include elements of the YETI Tumbler Trade Dress and have a different overall appearance compared to the YETI Tumbler Trade Dress.

9. For purposes of this Consent Judgment, VetInternetCo stipulates that exclusive use of the YETI Tumbler Trade Dress by YETI will not put competitors at a significant non-reputation-related disadvantage in the marketplace.

10. Except as set forth below, VetInternetCo has agreed to cease selling the Accused Tumblers.

11. VetInternetCo shall have a period of time identified in the Settlement Agreement executed by YETI and VetInternetCo in connection with this lawsuit to sell and/or donate the Accused Tumblers it currently has in inventory ("Inventory Tumblers").

12. Except for the limited sale and/or donation of the Inventory Tumblers, and subject to the rights set forth and reserved in paragraph 13, VetInternetCo shall not at any time manufacture, have manufactured on its behalf, market, offer to sell, sell, use, import, purchase, promote or distribute (a) any of the Accused Tumblers in any color, (b) products with the same model names or numbers (including the same Amazon Standard Identification Numbers, Stock Keeping Unit numbers, Universal Product Codes, or any other identifying numbers or names) as the Accused Tumblers, or (c) any product that has substantially the same look and feel as, or that is confusingly similar to, YETI's 20 oz. or 30 oz. Rambler® tumblers.

13. However, notwithstanding any provision of this Consent Judgment, to the extent all rights in the YETI Tumbler Trade Dress are determined to be invalid or unenforceable in any judicial or administrative action in the United States, and all appeals in such action as to all such rights have been exhausted, or to the extent that all such rights expire, lapse, or are abandoned, then VetInternetCo shall be free to manufacture, purchase for sale, market, promote, use, distribute, offer for sale, import, and sell the Accused Tumblers without any limitations imposed by this Consent Judgment and/or the Settlement Agreement. Further, notwithstanding any provision of this Consent Judgment and/or the Settlement Agreement, in the event (a) YETI has been dissolved or liquidated, or YETI's existence has otherwise been terminated, and there is no successor to YETI or its rights in the YETI Tumbler Trade Dress, and (b) YETI's rights to the YETI Tumbler Trade Dress have not been sold, transferred or assigned, then VetInternetCo shall be free to manufacture, have manufactured on its behalf, market, offer to sell, sell, use, import, purchase, promote or distribute the Accused Tumblers without any limitations imposed by this Consent Judgment and/or the Settlement Agreement.

14. Each party shall bear its own costs and attorney fees.

15. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Consent Judgment.

16. This Consent Judgment represents a final adjudication of all claims, counterclaims, and defenses that were, or could have been, brought between YETI and VetInternetCo in this case. This Consent Judgment is intended to be final and shall bind YETI and VetInternetCo on all issues that were or could have been litigated in this proceeding, and neither YETI nor VetInternetCo shall appeal any issue from this proceeding.

SO ORDERED:

Dated: February 8, 2018

[signature]
United States District Judge

Consented and Agreed to:

By: /s/ Sean J. Jungels
Kevin J. Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-5471
Facsimile: (512) 322-3622

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
J. Pieter van Es (admitted in the Western District of Texas)
Illinois Bar No. 6210313
pvanes@bannerwitcoff.com
Sean J. Jungels (admitted in the Western District of Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

[signature]
Signed for YETI Coolers, LLC
Name: Bryan Barksdale
Title: General Counsel
Date: 1/26/2018

By: [signature]
David P. Boyce
Texas Bar No. 02759770
dboyce@w-g.com
Lisa M. Doering
Texas Bar No. 12743700
ldoering@w-g.com
WRIGHT & GREENHILL, P.C.
900 Congress Avenue, Suite 500
Austin, Texas 78701
Telephone: (512) 476-4600
Facsimile: (512) 476-5382

**ATTORNEYS FOR VETERINARY INTERNET COMPANY, LLC d/b/a VETINTERNETCO**

[signature]
Signed for Veterinary Internet Company, LLC, d/b/a VetInternetCo
Name: Richard N. Esneault III
Title: President/Owner
Date: 1/31/18